REQUESTED BY: Pam Redfield, Senator Nebraska State Legislature
You have requested the opinion of this office regarding a proposed amendment to Neb. Rev. Stat. § 32-561 (2004). You propose to amend §32-561 regarding elective offices, military duty and vacancies of office so as to eliminate the current exception for legislators called to military duty. You have been advised by the Revisor's Office that such legislation may be unconstitutional under art. III, § 9 of the Nebraska Constitution. Therefore, you have requested our opinion of the constitutionality of legislation which would amend § 32-561 as described above.
Neb. Rev. Stat. § 32-561(1) currently provides as follows:
 (1) The acceptance of a commission to any military or naval office or the enlistment in or induction into the military or naval service of the United States which may require an incumbent in an elective office, except the office of member of the Legislature, to exercise military or naval duties within or without the state for any period of time within the term for which such person has been elected or appointed shall not create a vacancy of such office. While the incumbent exercises such military or naval duties within or without this state, he or she shall not be (a) entitled to receive any compensation, perquisites, or emoluments of the elective office, (b) required to keep and maintain an official bond or equivalent commercial insurance policy in force, or (c) responsible for the acts and defalcations of an acting officer duly appointed and qualified to take the place of the incumbent in such office during the time the incumbent is in such military or naval office or is inducted into or enlists in the military or naval service. (Emphasis added).
Pursuant to this statute, no vacancy is created in an elective office when the incumbent exercises military or naval duties. However, members of the Legislature are specifically excepted. The language excepting the office of member of the Legislature was added in 1941 to a predecessor of § 32-561, that is, Neb. Rev. Stat. § 32-1701 (Cum. Supp. 1941).
You have been informed that legislation to remove this exception would be unconstitutional pursuant to art. III, § 9 of the Nebraska Constitution which provides as follows:
 No person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to or have a seat in the Legislature. No person elected or appointed to the Legislature shall receive any civil appointment to a state office while holding membership in the Legislature or while the Legislature is in session, and all such appointments shall be void. Except as otherwise provided by law, a member of the Legislature who is elected to any other state or local office prior to the end of his or her term in the Legislature shall resign from the Legislature prior to the commencement of the legislative session during which the term of the state or local office will begin.
In our view, another potential problem is raised by the Separation of Powers provision of art. II, § 1 of the Nebraska Constitution. Art. II, § 1 provides, as is pertinent here: "[T]he powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, . . ." In other words, in its personnel aspect, Article II prohibits certain persons from serving two branches of government concurrently.
We have previously discussed in some detail the permissibility of service in the Nebraska National Guard by a member of the Nebraska Legislature in Op. Att'y Gen. No. 96039 (April 29, 1996). At that time we responded to the question of Senator John Hilgert concerning service in the Nebraska National Guard as a commissioned officer by a member of the legislature and we responded to the question within those parameters. In that opinion we first examined art. III, § 9 which prohibits dual office holding by legislators. "[s]ince the initial sentence of art. III, § 9 does not distinguish between military or civil offices, it appears to us that the prohibitions contained in that portion of the Nebraska Constitution apply equally to military as well as civil offices. Under that analysis, an individual who holds a military office under authority of the United States or a lucrative military office under authority of the State is prohibited from serving in the Legislature." Op. Att'y Gen. No. 96039 at p. 3. We then examined the history of the constitutional provision as well as the Nebraska Supreme Court's discussion of it in State ex rel Spire v. Conway, 238 Neb. 766, 472 N.W.2d 403 (1991), which supported our conclusion. We concluded that service as a commissioned officer in either the Nebraska National Guard or under authority of the United States is incompatible with service as a member of the Nebraska Legislature on the basis of art. III, § 9.
In that prior opinion, we concluded that dual service as a commissioned officer in the Nebraska National Guard and a member of the Nebraska Legislature is also prohibited by the Separation of Powers provision of art. II, § 1. Under the test set out in the Conway case, supra, a member of the Nebraska Legislature is an officer of the Legislative branch of government and, as a result, cannot be either an officer or an employee of another branch of government. As we believe that commissioned officers in the Nebraska National Guard are officers in the Executive Branch of state government, members of the Legislature cannot also serve as a commissioned officer in the Guard.
As previously stated, our prior opinion was limited to the question of service as a commissioned officer in the Nebraska National Guard. While, art. III, § 9 would likely be interpreted to prohibit a Legislator from serving as a commissioned officer in either the Nebraska National Guard or United States military service, it does not appear to preclude a Legislator from serving as an enlistee in the Nebraska National Guard or United States military service. The remaining question then is whether the Separation of Powers provision at art. II, § 1 would preclude a Legislator from service as an enlistee in either the Nebraska National Guard or United States military service. Art. II, § 1 would preclude a Legislator from being either an officer or an employee of another branch of state government, but would not preclude that Legislator from serving in another branch of federal government. Therefore, in our view, a Legislator would not be prohibited by either constitutional provision from serving as an enlistee in the United States military service. As to whether a Legislator could serve as an enlistee in the Nebraska National Guard, this question may turn upon whether an enlistee in the Nebraska National Guard constitutes a "member" of the Executive Branch of government.
In Conway, supra, the Court interpreted the phrase "being one of these departments," for purposes of the Separation of Powers provision, as meaning "being a member — that is, either an officer or employee — of another branch." Id. at 782, 472 N.W.2d at 412. The Nebraska Supreme Court has not directly indicated what constitutes being an employee of a state agency in a case involving art. II, § 1, and the definition may vary from situation to situation. It is simply not clear whether an enlistee in the Nebraska National Guard would be considered an employee or a member of the Executive branch.
However, Neb. Rev. Stat. § 32-561(1) of which you inquire, on its face, addresses the vacancy issue only in the case of "enlistment in or induction into the military or naval service of the United States." As section 32-561(1) arguably does not pertain to whether a vacancy is created when an incumbent enlists in the Nebraska National Guard, we will not at this time consider further whether enlistment in the Guard by a Legislator would violate the Separation of Powers provision.
In conclusion, it is our opinion that an amendment to section 32-561
which would allow Legislators to simultaneously serve as a commissioned officer in either the Armed Services of the United States or the Nebraska National Guard would likely be found unconstitutional under art. III, § 9 and art. II, § 1. Amendment to this statutory provision so as to allow Legislators to serve simultaneously as enlistees in the armed services of the United States would likely be constitutionally permissible as an enlisted person is probably not an office holder as that term is employed in art. III, § 9, and being a member of the federal Executive Branch does not appear to be precluded by art. II, § 1.
Sincerely,
 JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
APPROVED: